%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DONG HYUN LEE,

**DEFENDANTS**
EDWARD SHIN a/k/a EUNG-SOO SHIN,

(b) County of Residence of First Listed Plaintiff: **Bergen County, NJ**

County of Residence of First Listed Defendant: **Montgomery County, PA**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Kimm Law Firm
41 Bancker Street
Englewood, NJ 07631

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332

Brief description of cause:
common law fraud in the inducement, CSA violation, and breach of agreement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE: 1/19/2010

SIGNATURE OF ATTORNEY OF RECORD: [signature]

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Michael S. Kimm, Esq. (MK4476)
Francis Liu, Esq.
KIMM LAW FIRM
41W Bancker Street
Englewood, New Jersey 07631
Tel: 201-569-2880
*Attorneys for Plaintiff*

-------------------------------------------------------x
DONG HYUN LEE,                          :
                                        :           10 Civ. _____
          Plaintiff,                    :
                                        :           Civil Action
     v.                                 :
                                        :
EDWARD SHIN a/k/a EUNG-SOO SHIN,        :
                                        :           **Complaint with jury demand**
          Defendants.                   :
-------------------------------------------------------x

Plaintiff Dong Hyun Lee, for his complaint against defendant Edward Shin a/k/a Eung-Soo Shin, alleges:

## THE PARTIES

1. At all relevant times, plaintiff was and is an individual residing at Englewood Cliffs, Bergen County, New Jersey.

2. At all relevant times, defendant was and is an individual residing at 912 West Welsh Road, Ambler, Montgomery County, Pennsylvania 19002. Although defendant is a resident of Pennsylvania, defendant engaged in substantially all of the acts in Bergen County, New Jersey, while pursuing personal and business interests there.

1

## JURISDICTION AND VENUE

3. This court has jurisdiction over this action under 28 U.S.C. 1332 as it involves citizens of different states and the amount in controversy exceeds the sum of $75,000.00 exclusive of costs. Venue is proper under 28 U.S.C. 1391(a)(2) because significant actions occurred in this district, including defendant's general conduct of business affairs in Bergen County, New Jersey.

## COMMON ALLEGATIONS

4. On November 8, 2006, plaintiff loaned the sum of $100,000.00 to defendant and obtained a demand Promissory Note executed by defendant. On November 8, 2006, plaintiff issued a check (#1159) which was duly collected by defendant.

5. On or about July 15, 2007, defendant induced plaintiff to enter into a "Stock Purchase Agreement" whereby 100,000 shares of a certain bank stock, to be imminently acquired by defendant, was to be transferred to plaintiff for good and valuable consideration, in the sum of $3 per share, or $300,000.00 aggregate. The bank pertaining to the Stock Purchase Agreement is Royal Asian Bank, which is a wholly-owned non-public entity and subsidiary of Royal Bancshares of Pennsylvania, Inc., a registered bank holding company located in Pennsylvania. In essence, defendant represented that he was going to imminently receive a substantial volume of stock-shares in Royal Asian Bank, which he would then transfer partially to plaintiff, pursuant to the Agreement between them.

6. Pursuant to Section 1.5. of the Stock Purchase Agreement, defendant was under

2

an affirmative obligation to notify plaintiff about his acquisition of the relevant stock shares and to deliver such shares to plaintiff. Section 1.5 therefore states in part: "Shin shall notify Lee promptly upon issuance of the Shares to Shin by the Bank, such notification to include a detailed description of any restrictions on transfer or otherwise relating to the Shares. Shin shall deliver the Shares to Lee promptly after all restrictions relating to the Shares shall have lapsed or otherwise been removed."

7. The Stock Purchase Agreement was drafted and prepared by defendant on a take-it-or-leave it basis. As part of the Stock Purchase Agreement, defendant provided express representations which specifically included a representation that defendant "has the power and authority to enter into this Agreement" and that no third-party authorization, including that of the entity whose stock was being transferred under the Agreement was necessary to enter into the Agreement and defendant's inducement of plaintiff.

8. On September 24, 2009, and on several other occasions thereafter, defendant held press conferences that, "last year," shares of Royal Asian Bank had been issued by the Pennsylvania Royalbanc. In private discussions, defendant has told third-parties that he had, in fact, acquired such stock shares. Defendant was thereupon obligated to transfer the 100,000 shares to plaintiff, in accordance with the Stock Purchase Agreement prepared and induced by defendant, as set forth above.

9. To date, defendant has failed to notify plaintiff pursuant to Section 1.5 of the Agreement or under a general duty of disclosure. Defendant has failed to transfer any of the

3

shares to which plaintiff is entitled. Defendant has failed to return the purchase money for which such shares were pre-paid.

10. At all relevant times, similar Stock Purchase Agreements, of the kind offered to plaintiff, was offered to numerous people. Upon information and belief, there exists at least one other individual, and potentially dozens, in the Korean-American community, who were induced to enter into such Stock Purchase Agreement, as a "private" offering. Such offerings have been widely reported in the Korean news media, based upon information disseminated by defendant himself.

### Count One: Common Law Fraud in the Inducement

11. Paragraphs 1 through 10 are incorporated by reference.

12. Upon information and belief, defendant had no expectancy of obtaining stock interest in Royal Asian Bank, in the manner set forth in the Stock Purchase Agreement he induced of plaintiff, consistent with the representations defendant made in such Agreement. Therefore, upon information and belief, defendant thereby induced plaintiff to enter into the Agreement using false and misleading statements of fact, set forth in the Stock Purchase Agreement as express representations and implied representations. Those express and implied representations included defendant's representation and statement that, as of July 2007, he will imminently acquire shares in Royal Asian Bank, through an initial public offering of such entity made by its owner and parent bank holding company, Royal Bancshares of Pennsylvania, Inc.

4

13. Plaintiff reasonably relied upon such representations and implied representations by defendant. Upon information and belief, others were induced to rely upon such representations by defendant.

14. When such representations were made, defendant knew or was recklessly indifferent to knowledge that his representations were false and misleading. He employed such misrepresentation to raise cash for himself, to enrich himself, and to acquire business interests other than stock-shares in Royal Asian Bank, such as in a deli/grocery business and other closely-held businesses.

15. As a result of defendant's representations, plaintiff has been injured. Upon information and belief, others have been similarly injured. Plaintiff is out of pocket at least $300,000.00 under the Stock Purchase Agreement and another $100,000.00 in deferred payment of the loan provided to defendant in 2006, under the Promissory Note set forth above, and significant amounts of time and other expenses.

### Count Two: CSA Violations

15. Paragraphs 1 through 14 are incorporated by reference.

16. By reason of those actions, defendant has violated the Consumer Fraud Act which protects plaintiffs and others in plaintiff's situation. Defendant committed on or more acts of unconscionable business practice in relation to plaintiff, a consumer. In addition, upon information and belief, others have been affected by defendant's acts in a manner similar to plaintiff's damage.

5

## Count Three: Breach of Agreement

17. Paragraphs 1 through 10 are incorporated by reference.

18. By reason of those facts, defendant breached the Stock Purchase Agreement between the parties. Upon information and belief, others have been affected by such breaches by defendant in a manner similar to the breach against plaintiff's contractual rights.

WHEREFORE, plaintiff demands judgment against defendant:

A. compensatory damages in the sum of $400,000.00;

B. treble damages in the sum of $1,200,000.00;

C. punitive damages in a sum to be determined by a jury;

D. attorneys' fees and costs and other expenses incurred by plaintiff;

E. conversion of this matter into a class action, if warranted by facts, thereupon to provide damages on behalf of all persons who have been damaged in a manner similar to plaintiff; and

F. any other relief the Court deems just and proper under the circumstances.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: January 19, 2010

_____
Michael S. Kimm
Attorney for plaintiff